**James Franklin CLONINGER, Plaintiff–Appellant,**

v.

**Vergus PORTER, Jr., individually and in his official capacity as Fire Investigator employed by the Clark County Fire Department; William Mike Pat-** terson, individually and in his official capacity as the Commanding officer of the Clark County Fire Department, Fire Investigation Division; County of Clark, a political subdivision of the State of Nevada, Does 1 Through XX, Inclusive, Defendants–Appellees.

No. 00–15349.

D.C. No. CV–97–00001–HDM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2002.

Decided Nov. 22, 2002.

Before McKEOWN and PAEZ, Circuit Judges, and HAMILTON,* District Judge.

### MEMORANDUM**

James Franklin Cloninger ("Cloninger") appeals the district court's grant of sum-

---

\* Honorable Phyllis J. Hamilton, United States District Court Judge for the Northern District of California, sitting by designation.

mary judgment on four 42 U.S.C. § 1983 claims in favor of defendants Vergus Porter, Jr. ("Porter"), William Mike Patterson ("Patterson"), and Clark County, Nevada, and the court's grant of summary judgment on qualified immunity grounds in favor of Porter and Patterson on the § 1983 claims for which they are sued in their individual capacities. Cloninger further appeals the district court's discretionary decision not to retain supplemental jurisdiction over his three state law tort claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review a district court's grant of summary judgment and decision regarding qualified immunity *de novo*. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002). We review a district court's decision whether to retain jurisdiction over supplemental claims when the original federal claims are dismissed for an abuse of discretion. *See Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1165 (9th Cir. 2002). Because the parties are familiar with the factual and procedural history of the case, we will not detail them here.

█ The district court properly granted summary judgment in favor of defendants Porter and Patterson. Because probable cause existed for Cloninger's arrest and subsequent prosecution, there was no constitutional violation, and Porter and Patterson are entitled to qualified immunity on his § 1983 claims based on unlawful arrest and malicious prosecution. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (qualified immunity appropriate where facts alleged, taken in a light most favorable to plaintiff, do not show that officer's conduct

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

violated a constitutional right); *see also Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir.1994) (summary judgment appropriate where there is an absence of probable cause under the facts); *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995) (to prevail on a claim for malicious prosecution under § 1983, plaintiff must demonstrate that the prosecution was conducted without probable cause).

A long list of factors, as cited by the district court, support a finding of probable cause for Cloninger's arrest. These factors, taken together, are sufficient to establish probable cause even in the absence of witness Patricia May's ability to identify Cloninger by name. *See Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2002) ("Probable cause is established *if at the time the arrest is made*, 'the facts and circumstances within [the officer's] knowledge and of which [he] had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)) (emphasis added)).

■ Porter is also entitled to qualified immunity on Cloninger's § 1983 claim based on unlawful search and seizure, stemming from the December 27 and 28, 1995 arson investigation. *See Saucier*, 533 U.S. at 201. The entry, search, and investigation of the mobile home on the day of the fire, December 27, 1995, is reasonable under *Michigan v. Tyler*, 436 U.S. 499, 509, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978) ("burning building clearly presents an exigency of sufficient proportions to render a warrantless entry 'reasonable'"). The December 28, 1995 entry, search, and investigation was also reasonable as an "actual continuation" of the prior day's investigation. *See id.* at 511.

■ Cloninger's final § 1983 claim was brought against the county pursuant to *Monell v. Dept. of Social Services of New York City*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), based on the county's alleged failure to properly train or supervise its arson investigation officers pursuant to *City of Canton v. Harris*, 489 U.S. 378, 380, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The district court properly granted summary judgment on this claim for several reasons, including those stated by the court. Cloninger's *Monell* claim requires an underlying constitutional deprivation, which Cloninger is unable to demonstrate based on the record before this court. *See Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir.1996) (plaintiff could not recover on § 1983 claim against city or police chief absent showing that individual arresting officers violated his constitutional rights); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir.1994) (municipality's liability under § 1983 pursuant to *City of Canton*, 489 U.S. at 389, was contingent on underlying violation of constitutional rights).

Moreover, Cloninger has not produced any evidence that would demonstrate deliberate indifference on the part of Clark County regarding the training of its officers generally or with respect to the training of Porter and Patterson specifically. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir.2002) (municipal liability under *Monell* requires that "the omission reflect[ ] a deliberate or conscious choice to countenance the possibility of a constitutional violation" (quoting *City of Canton*, 489 U.S. at 389–90)). There was sufficient evidence of training in the record to negate any claim that the county was deliberately indifferent to the need to train its arson investigators.

Because the district court did not err in granting summary judgment on the § 1983

claims, it likewise did not abuse its discretion in dismissing the supplemental state law claims. *See Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir.2001).

AFFIRMED.

---

* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.